Whitaker, Judge,
dissenting:
The amount involved in this case is trifling, but I do not think it should be disposed of under the rule of de minimis non ewat lex. If these employees are entitled to what they claim, they should be paid; if not, they of course should not be paid. Besides, what we do in this case will establish a rule to be followed in subsequent cases. The rights of many employees and many thousands of dollars, therefore, depend upon our decision.
Employees of the Government, such as plaintiffs, are paid to work a prescribed period each administrative workweek. If they are required to work a longer period, they are entitled to be paid overtime. § 911 of 5 TJ.S.C. provides, in part:
All hours of work officially ordered or approved in excess of forty hours in any administrative workweek performed by officers and employees to whom this sub-chapter applies shall be considered to be overtime work and compensation for such overtime work, except as otherwise provided for in this chapter, shall be at the following rates:
$ * * * *
The sine qua non of the right to overtime is that it must be “officially ordered or approved.” This is the first question to be determined. If this is answered in the negative, it matters not that during the overtime plaintiffs may have worked on Government business. They must have been officially ordered to do so, or it must have been approved.
On this point plaintiffs’ affidavit does not say that the overtime was “officially ordered”[1]; it could not say it was officially approved, because payment for it was refused. It does not say that it was. What plaintiffs’ affidavit does say is that the nature of the work was such as to require them to travel back to their station after the close of the regular *251 work period. They say this is so, because they had Government money[1] and property in their possession, and that their duty required them to turn both in to the proper place immediately, whatever the hour of the day. No rule or regulation is cited in support of this statement.
On the contrary, the affidavit of the Assistant Collector of Customs says it was not their duty to return to their regular post immediately, but that it was permissible for them to remain overnight “and return to their official station during office hours the following working day.” The regulations govern, of course, on what an employee’s duty is.
On the question of whether they had been ordered to return outside of the prescribed regular hours of work, the affidavit of the Assistant Collector says explicitly that they had not been. On this point it reads:[2]
No instructions, either implied or explicit, were ever issued to Mr. Curtis or Mr. Hanton requiring them to return to the customhouse at San Pedro outside of official hours when completing a travel assignment at a temporary post of duty, whether for the purpose of returning the Government automobile to storage or for recording a transaction of official business. It is a normal practice for all collections received on trips to Port Hueneme and Ventura to be in the form of checks as these collections cover only tonnage taxes and navigation fees for which the amounts can be determined in advance of the collection. The reimbursable charges are billed at the end of each month and are not collected at the time the services are performed.
In my opinion, plaintiffs have failed to show that the overtime claimed was “officially ordered or approved” and, since this is a necessary prerequisite to their right to recover, and since both parties request us to dispose of the case summarily, on the record presented, I think plaintiff’s petition should be dismissed.

 It was not money, but checks, in all probability.

 It will be noted plaintiffs probably did not have money in tbeir possession, as stated in argument.